UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| HYRUM JOSEPH WEST, | ) | |
| Petitioner, | ) | 2:15-cv-02462-GMN-NJK |
| vs. | ) | **ORDER** |
| BRIAN WILLIAMS, *et al.*, | ) | |
| Respondents. | ) | |

This is an action for habeas relief under 28 U.S.C. § 2254 brought by Hyrum Joseph West, a Nevada prisoner. Respondents have filed a motion to dismiss West's petition for writ of habeas corpus. ECF No. 12. As the bases for their motion, respondents contend that all the grounds for relief in West's petition should be dismissed as procedurally barred and/or as not cognizable in a federal habeas proceeding.

Having considered the parties' arguments and relevant portions of the record, the court concludes as follows.

I. *Procedural History*[1]

In April 2011, the State charged West in the Fifth Judicial District Court, Nye County, Nevada, in Case No. CR 6693, with one count of sale of a controlled substance, third

---

[1] This procedural history was compiled based on the exhibits filed at ECF Nos. 12/13 and this court's own docket.

1  offense, within 1000 feet of a park, and one count of trafficking in a schedule I controlled substance.
2  In November 2011, the State filed a second-amended information charging West with one
3  count of sale of a controlled substance, third offense.  On November 15, 2011, West presented
4  argument in support of motions filed in Case No. CR 6429, including a motion to dismiss in which
5  he argued the State violated double jeopardy by charging West with the same crime in Case No. CR
6  6429 and the present case, Case No. CR 6693.

7  The court denied West's motion.  West then changed his plea in Case No. CR 6693, entering
8  a conditional guilty plea to the single count contained in the second-amended information, but
9  reserving the right to challenge the denial of his pretrial motion to dismiss.  The court sentenced
10 West to 72-180 months, to run concurrent to the sentence received in Case No. CR 6429.

11 The court filed the judgment of conviction on November 29, 2011.  West appealed., arguing
12 that the "[p]rosecution of the instant case contravened the Double Jeopardy Clause and the related
13 piecemeal doctrine; thus, the district court erred by denying the motion to dismiss."  On December
14 13, 2012, the Nevada Supreme Court affirmed West's conviction.

15 In December 2013, West filed a proper person state habeas petition and supporting
16 memorandum.  In Ground 1, he alleged vindictive prosecution, a violation of his speedy trial rights,
17 and ineffective assistance of trial and appellate counsel.  In Ground 2, he alleged insufficient
18 evidence to support the conviction, a break in the chain of custody, and ineffective assistance of
19 appellate counsel.  In Ground 3, he alleged a violation of the Double Jeopardy Clause and issue
20 preclusion/collateral estoppel based upon West's conviction in Case No. CR 6429, and ineffective
21 assistance of appellate counsel.

22 In May 2015, the state district court entered an order dismissing West's entire petition on
23 procedural grounds.  West appealed.  On November 19, 2015, the Nevada Court of Appeals affirmed
24 the lower court's result, but found the state district court erred in rejecting West's ineffective

assistance of appellate counsel claims on procedural grounds. The court addressed those claims on the merits and denied them.

On or about December 18, 2015, West mailed to this court his federal habeas petition containing three grounds. That petition was filed herein on January 15, 2016, and is the subject of respondents' motion to dismiss.

II. *Cognizability*

Respondents assert that grounds for relief contained in Grounds 1, 2, and 3 of West's petition are not cognizable in a federal habeas proceeding.

First, respondents argue that West's guilty plea serves as a bar to several of his substantive allegations. In *Tollett v. Henderson*, the United States Supreme Court held that "when a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." 411 U.S. 258, 267 (1973). A petitioner may only attack the voluntary and intelligent nature of the guilty plea. *Id*.

In Ground 1, West raises a claim that delays in the prosecution of his case violated his constitutional right to a speedy trial. This claim is barred under *Tollett*. *See United States v. Bohn*, 956 F.2d 208, 209 (9th Cir. 1992) (holding that defendant's guilty plea waived claims for violation of the Speedy Trial Act). In addition, his plea forecloses any claim that his trial counsel was ineffective for not invoking his right to a speedy trial. *See Moran v. Godinez*, 57 F.3d 690, 700 (9th Cir.1994) (holding that guilty plea forecloses claims of ineffective assistance of counsel unrelated to the plea itself).

Ground 1 also includes a claim that West was vindictively prosecuted. *Tollett* does not necessarily bar such a claim. *See Blackledge v. Perry*, 417 U.S. 21, 30–31 (1974). However, none of West's allegations come close to stating a cognizable vindictive prosecution claim. *See United States v. Goodwin*, 457 U.S. 368, 372 (1982) (explaining that the constitutional violation based on

3

vindictive prosecution arises from punishing an individual for exercising a protected statutory or constitutional right). Thus, that portion of Ground 1 shall also be dismissed. *See O'Bremski v. Maass*, 915 F.2d 418, 420 (9th Cir. 1990) (reiterating that a habeas petition must contain particularized facts that point to a real possibility of constitutional error).

In Ground 2, West argues that there was a lack of sufficient evidence to prove his guilt beyond a reasonable doubt. This claim is also barred by *Tollett*, given that the very nature of a guilty plea is an admission that the State possesses such evidence. *Tollett* does not, however, bar West's claim in Ground 3 that his conviction violated his rights under the Double Jeopardy Clause. *See Menna v. New York*, 432 U.S. 61, 62 (1975).

Next, respondents argue that the portions of Grounds 1, 2, and 3 that allege violations of state law must also dismissed. It appears to this court that only Grounds 1 and 2 contain specific claims of state law violations. In any case, it goes without saying that 28 U.S.C. § 2254 does not provide a remedy for alleged violations of state law. *See Estelle v. McGuire*, 502 U.S. 62, 68 (1991) ("In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."). Thus, West's claims are dismissed to the extent they are not premised on federal law.

III.  *Procedural default*

A federal court will not review a claim for habeas corpus relief if the decision of the state court denying the claim rested on a state law ground that is independent of the federal question and adequate to support the judgment. *Coleman v. Thompson*, 501 U.S. 722, 730-31 (1991). The Court in *Coleman* stated the effect of a procedural default as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman*, 501 U.S. at 750; *see also Murray v. Carrier*, 477 U.S. 478, 485 (1986).

A state procedural bar is "independent" if the state court explicitly invokes the procedural rule as a separate basis for its decision. *McKenna v. McDaniel*, 65 F.3d 1483, 1488 (9th Cir. 1995). A state court's decision is not "independent" if the application of a state's default rule depends on a consideration of federal law. *Park v. California*, 202 F.3d 1146, 1152 (9th Cir. 2000). Also, if the state court's decision fails "to specify which claims were barred for which reasons," the Ninth Circuit has held that the ambiguity may serve to defeat the independence of the state procedural bar. *Valerio v. Crawford*, 306 F.3d 742, 775 (9th Cir. 2002); *Koerner v. Grigas*, 328 F.3d 1039, 1050 (9th Cir. 2003).

A state procedural rule is "adequate" if it is "clear, consistently applied, and well-established at the time of the petitioner's purported default." *Calderon v. United States Dist. Court (Bean)*, 96 F.3d 1126, 1129 (9th Cir. 1996) (citation and internal quotation marks omitted). In *Bennett v. Mueller*, 322 F.3d 573, 585-86 (9th Cir. 2003), the court of appeals announced a burden-shifting test for analyzing adequacy. Under *Bennett*, the State carries the initial burden of adequately pleading "the existence of an independent and adequate state procedural ground as an affirmative defense." *Id*. at 586. The burden then shifts to the petitioner "to place that defense in issue," which the petitioner may do "by asserting specific factual allegations that demonstrate the inadequacy of the state procedure, including citation to authority demonstrating inconsistent application of the rule." *Id*. Assuming the petitioner has met his burden, "the ultimate burden" of proving the adequacy of the state bar rests with the State, which must demonstrate "that the state procedural rule has been regularly and consistently applied in habeas actions." *Id*.

Respondents argue that Grounds 1 and 2 are procedurally defaulted because the Nevada Court of Appeals dismissed those claims under Nev. Rev. Stat. § 34.810(1)(a), which, with respect to collateral challenges to convictions based on guilty pleas, requires the dismissal of any claim that is not based upon an allegation that the plea was involuntarily or unknowingly entered or that the plea

5

1  was entered without effective assistance of counsel.  In addition, respondents argue West's
2  ineffective assistance of appellate counsel claims premised on counsel's failure to raise the
3  substantive issues presented in Grounds 1 and 2 are also procedurally defaulted because the Nevada
4  Court of Appeals dismissed those claim due to West's failure to preserve the underlying issues for
5  appellate review.  Lastly, respondents argue that the portion of Ground 3 alleging an issue preclusion
6  theory is procedurally defaulted because the Nevada Court of Appeals dismissed that claim due to
7  West's failure to include it with his Double Jeopardy Clause argument in his pre-trial motion to
8  dismiss.

9       In opposing respondents' motion to dismiss, West has not met his burden of placing Nev.
10 Rev. Stat. § 34.810(1)(a) in issue as required by *Bennett*.  Thus, this court must conclude that the
11 Nevada appellate court's reliance on that rule is adequate to bar federal review.  The claims
12 contained in Grounds 1 and 2 – the speedy trial claim, the vindictive prosecution claim, and the
13 sufficiency evidence claim – are all procedurally defaulted.  Moreover, West has not established that
14 the defaults should be excused under a cause and prejudice or a fundamental miscarriage of justice
15 theory.

16      With respect to the ineffective assistance of appellate counsel claims, this court does not
17 agree that the Nevada Court of Appeals disposed of those claims on procedural grounds.  Instead, the
18 state court clearly addressed them on the merits.  ECF No. 14-24, p. 4-5.  Thus, while it is difficult to
19 discern how counsel could have been ineffective for not raising issues not preserved for appeal,
20 West's appellate IAC claims are not procedurally defaulted.  As for the issue preclusion claim, the
21 Nevada Court of Appeals addressed that claim within the context of disposing of West's appellate
22 IAC claim, not as a stand alone claim.  *Id*.  So that claim is not procedurally defaulted either.

23      **IT IS THEREFORE ORDERED** that respondents' motion to dismiss (ECF No. 12) is
24 GRANTED in part and DENIED in part.  For the reasons discussed above, all of the claims in

25

26

1  Grounds 1 and 2 of West's petition for writ of habeas corpus (ECF No. 9) are dismissed except for
2  claims premised on ineffective assistance of appellate counsel.
3      **IT IS FURTHER ORDERED** that the respondents shall have **forty-five (45) days** from the
4  date on which this order is entered to answer the remaining claims in the petition.  To the extent they
5  have not done so already, respondents shall comply with Rule 5 of the Rules Governing Section
6  2254 Cases in the United States District Courts.  Petitioner shall have **forty-five (45) days** from the
7  date on which the answer is served to file a reply.
8      **IT IS FURTHER ORDERED** that respondents' motion to strike (ECF No. 19) is DENIED.
9      Dated this ___1___ day of ___March___, 2017.

_____
UNITED STATES DISTRICT JUDGE