# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

HYRUM JOSEPH WEST,

    Petitioner,

vs.

BRIAN WILLIAMS, *et al.*,

    Respondents.

2:15-cv-02462-GMN-NJK

**ORDER**

This is a habeas corpus proceeding under 28 U.S.C. § 2254 brought by Hyrum Joseph West, a Nevada prisoner. Pending before the court are West's motion for reconsideration of this court's dismissal of Grounds 1 and 2 (ECF No. 23),[1] his second motion for appointment of counsel (ECF No. 22), his motion for leave to file excess pages (ECF No. 21), and his motion for extension of time (ECF No. 28). For the reasons that follow, the first two motions shall be denied. The motions for leave to file excess pages and for extension of time shall granted.

*Motion for reconsideration*

West asks this court to reconsider its order of March 1, 2017 (ECF No. 20), which dismissed Grounds 1 and 2 of West's petition for writ of habeas corpus (ECF No. 9) except for claims premised on ineffective assistance of appellate counsel. Those claims were dismissed by the Nevada

---

[1] West cites Fed. R. App. Pro. P. 40 as authority for his motion. While the rule does not apply to proceedings in the United States district courts (*see* Fed. R. App. P. 1(a)), this court construes the motion as a motion for reconsideration.

Supreme Court as successive under Nev. Rev. Stat. § 34.810(1)(a). This court concluded that the claims are procedurally defaulted in this court. In addition, this court concluded that the claims were barred by *Tollett v. Henderson*, 411 U.S. 258, 267 (1973), and/or not cognizable in a federal habeas proceeding.

With his motion, West does not raise any arguments that he did not or could not have raised in opposing respondents' motion to dismiss. Thus, the motion is denied. *See Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985) (holding that reconsideration was properly denied where movant presented no arguments that had not already been raised in opposition to summary judgment); *Kona Enters., Inc. v.. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (holding that motion for reconsideration may not be used to raise arguments that could reasonably have been raised earlier in the litigation).

*Motion for appointment of counsel*

Pursuant to 18 U.S.C. §3006A(a)(2)(B), the district court has discretion to appoint counsel when it determines that the "interests of justice" require representation. There is no constitutional right to appointed counsel for a federal habeas corpus proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 555(1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir. 1993). The decision to appoint counsel is generally discretionary. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir. 1984). However, counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is a person of such limited education as to be incapable of fairly presenting his claims. *See Chaney*, 801 F.2d at1196; *see also Hawkins v. Bennett*, 423 F.2d 948 (8th Cir. 1970).

The petition on file in this action is sufficiently clear in presenting West's claims. Also, the issues in this case are not particularly complex. It does not appear that counsel is justified in this instance. Moreover, this court rejects West's contention that it does not give due consideration to documents filed by *pro se* litigants. West's motion for appointment of counsel is denied.

**IT THEREFORE ORDERED** that petitioner's second motion for appointment of counsel (ECF No. 22) and motion for reconsideration (ECF No. 23) are DENIED.

**IT IS FURTHER ORDERED** that petitioner's motion for leave to file excess pages (ECF No. 21) and motion for extension of time (ECF No. 28) are GRANTED. Petitioner shall have **sixty (60) days** from the date this order is entered to file a reply.

Dated this __9__ day of February, 2018.

_____
UNITED STATES DISTRICT JUDGE