UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| HYRUM JOSEPH WEST, | Case No. 2:15-cv-02462-GMN-NJK |
| Petitioner, | |
| v. | ORDER |
| BRYAN WILLIAMS, et al., | |
| Respondents. | |

Before the court for a decision on the merits is an application for a writ of habeas corpus filed by Hyrum Joseph West, a Nevada Prisoner. ECF No. 9.

I. BACKGROUND[1]

In April 2011, the State filed an information charging West in the Fifth Judicial District Court, Nye County, Nevada, in Case No. CR 6693, with one count of sale of a controlled substance, third offense, within 1000 feet of a park. On November 15, 2011, West presented oral argument in support of pretrial motions, including a motion to dismiss in which he argued the State violated double jeopardy by charging him with the same crime in Case No. CR 6429 and the present case, Case No. CR 6693.

The trial court denied West's motion from the bench. After a brief recess, the State filed a second-amended information charging West with one count of sale of a controlled substance, third offense, and West entered a conditional guilty plea but reserved the right to challenge the

---

[1] This procedural background and references to state court proceedings in this order are derived from the exhibits filed under ECF Nos. 13/14/16 in this case and the exhibits filed under ECF No. 17-22 in case number 2:15-cv-01504-LDG-NJK.

1

denial of his pretrial motion to dismiss. The court sentenced West to 72-180 months, to run concurrent to the sentence received in Case No. CR 6429.

The court filed the judgment of conviction on November 29, 2011. West appealed., arguing that the "[p]rosecution of the instant case contravened the Double Jeopardy Clause and the related piecemeal doctrine; thus, the district court erred by denying the motion to dismiss." On December 13, 2012, the Nevada Supreme Court affirmed West's conviction. In December 2013, West filed a proper person state habeas petition and supporting memorandum. In Ground 1, he alleged vindictive prosecution, a violation of his speedy trial rights, and ineffective assistance of trial and appellate counsel. In Ground 2, he alleged insufficient evidence to support the conviction, a break in the chain of custody, and ineffective assistance of appellate counsel. In Ground 3, he alleged a violation of the Double Jeopardy Clause and issue preclusion/collateral estoppel based upon West's conviction in Case No. CR 6429, and ineffective assistance of appellate counsel.

In May 2015, the state district court entered an order dismissing West's entire petition on procedural grounds. West appealed. On November 19, 2015, the Nevada Court of Appeals affirmed the lower court's result but found the state district court erred in rejecting West's ineffective assistance of appellate counsel claims on procedural grounds. The court addressed those claims on the merits and denied them.

On or about December 18, 2015, West mailed to this court his federal habeas petition containing three grounds. That petition was filed herein on January 15, 2016. Respondents filed a motion to dismiss certain claims in the petition, which the court granted in part, dismissing the claims in Grounds 1 and 2 of West's petition except for claims premised on ineffective assistance of counsel. The remaining claims have been fully-briefed and are before the court for a decision on the merits.

II. STANDARDS OF REVIEW

This action is governed by the Antiterrorism and Effective Death Penalty Act (AEDPA). 28 U.S.C. § 2254(d) sets forth the standard of review under AEDPA:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if "the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases" (for example, if the state court arrives at a conclusion opposite that reached by the Supreme Court on a question of law) or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state-court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id*. at 409. "[A] federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id*. at 411.

The Supreme Court has explained that "[a] federal court's collateral review of a state-court decision must be consistent with the respect due state courts in our federal system." *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003). The "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state-court decisions be given the benefit of the doubt.'" *Renico v. Lett*, 559 U.S. 766, 773 (2010) (quoting *Lindh v. Murphy*, 521 U.S. 320, 333, n. 7 (1997); *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002) (per curiam)). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).

The Supreme Court has emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id*. (citing *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003)); *see also Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) (describing the AEDPA standard as "a difficult to meet and highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt") (internal quotation marks and citations omitted).

"[A] federal court may not second-guess a state court's fact-finding process unless, after review of the state-court record, it determines that the state court was not merely wrong, but actually unreasonable." *Taylor v. Maddox*, 366 F.3d 992, 999 (9th Cir. 2004); *see also Miller-El*, 537 U.S. at 340 ("[A] decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding, § 2254(d)(2).").

Because de novo review is more favorable to the petitioner, federal courts can deny writs of habeas corpus under § 2254 by engaging in de novo review rather than applying the deferential AEDPA standard. *Berghuis v. Thompkins*, 560 U.S. 370, 390 (2010).

III. DISCUSSION

*Ineffective assistance of appellate counsel claims*

Grounds 1 and 2 of West's petition contain ineffective assistance of appellate counsel claims that are properly before the court for a decision on the merits.[2] Ground One alleges appellate counsel was ineffective for not arguing on appeal that his right to a speedy trial had been violated and that he was vindictively prosecuted. Ground Two alleges that appellate counsel was ineffective for not challenging the sufficiency of the evidence necessary to convict him.

In assessing a claim of ineffective assistance of appellate counsel, the reviewing court applies the standards announced in *Strickland v. Washington*, 466 U.S. 668 (1984). *Smith v. Robbins,* 528 U.S. 259, 285 (2000). Thus, a petitioner "must first show that his counsel was

---

[2] The remaining portions of the claims have been dismissed. ECF No. 20.

objectively unreasonable, *see Strickland*, 466 U.S., at 687–691, … in failing to find arguable issues to appeal—that is, that counsel unreasonably failed to discover nonfrivolous issues and to file a merits brief raising them." *Id*. If petitioner is able to make that showing, "he then has the burden of demonstrating prejudice," which requires him to "show a reasonable probability that, but for his counsel's unreasonable failure … , he would have prevailed on his appeal." *Id*. at 285-86 (citing *Strickland*, 466 U.S. at 694).

On appeal in West's state post-conviction proceeding, the Nevada Court of Appeals considered West's ineffective assistance of appellate counsel under *Strickland v. Washington*, 466 U.S. 668 (1984), the correct governing federal law standard. ECF No. 14-24, p. 4. With regard to the claims contained in Grounds 1 and 2, the state appellate court determined that West had failed to demonstrate counsel's performance was deficient under *Strickland* because the issues had not been properly "reserved for appellate review" in the lower court. *Id*. Because this was not an "unreasonable application" of Strickland, this court is precluded from granting relief on either claim.[3]

*Double Jeopardy claims*

In Ground 3, West alleges that his conviction constitutes a violation of the Double Jeopardy Clause, that it was barred by the doctrine of issue preclusion based on his conviction in a separate case, and that he was deprived of effective assistance of appellate counsel due to counsel's failure to raise these issues.

Concurrent with the prosecution in this case, West was being prosecuted in a separate case (CR 6429) on the charge of trafficking in a Schedule I controlled substance. That charge arose from a traffic stop on July 10, 2010, and was initially brought on July 19, 2010. The first jury trial on the charge ended in a mistrial on March 30, 2011, due to a deadlocked jury. On June

---

[3] The court recognizes that West's trial counsel was his appellate counsel, but there is no claim properly before the court that trial counsel was ineffective for failing to preserve the issues for appeal.

23, 2011, a second jury trial resulted in a guilty verdict. On November 7, 2011, the court sentenced West to 10-25 years.

In this case, West was initially charged on January 4, 2011, with one count of trafficking in a Schedule I controlled substance, alleged to have occurred on June 17, 2010. As recounted above, the charge was subsequently amended to one count of sale of a controlled substance, third offense, within 1000 feet of a park, and West ultimately pled guilty on November 15, 2011, to one count of sale of a controlled substance, third offense.

In his pretrial motion to dismiss, West's counsel argued that the alleged acts of June 17, 2011, and July 10, 2011, were parts of the same criminal act or transaction and should have been charged in a single case. ECF No. 13-11, p. 34-39; ECF No. 16-1, p. 12-15. On appeal, he raised a similar argument, claiming that the "events of the instant case served as the basis for the traffic stop leading to the other, earlier prosecuted case, District Court case no. CF6429." ECF No. 13-26, p. 6-13. He also claimed the State violated the "piecemeal prosecution doctrine" because "the instant case was filed only when the other case was imperiled by the State's untimely filing of a response to a Writ of Habeas Corpus." *Id*.

In addressing the arguments on appeal, the Nevada Supreme Court decided as follows:

> West contends that the district court should have dismissed the information because the State's decision to prosecute this case violated the Double Jeopardy Clause. West argues that the criminal conduct alleged in this case (CR-6693) was part of the same course of conduct alleged in a previously prosecuted case (CR-6429) and should have been prosecuted in that case. West further argues that splitting the prosecution of this course of conduct into two separate cases resulted in an unconstitutional piecemeal prosecution. We disagree.
>
> The Double Jeopardy Clause protects "against a second prosecution for the same offense after conviction." *North Carolina v. Pearce*, 395 U.S. 711, 717, 89 S. Ct. 2072, 23 L.Ed.2d 656 (1969) (emphasis added), *overruled on other grounds by Alabama v. Smith*, 490 U.S. 794, 109 S. Ct. 2201, 104 L.Ed.2d 865 (1989). Here, West was prosecuted for two different offenses: CR-6693 was based upon a two-count information alleging that on June 17, 2010, West sold a controlled substance within 1,000 feet of a park and trafficked more than 4 grams but less than 14 grams of methamphetamine, and CR-6429 was based upon a single-count information alleging that on July 10, 2010, West trafficked more than 28 grams of methamphetamine.
>
> Because the prosecutions arose from two separate and distinct criminal transactions they did not implicate the Double Jeopardy Clause. *See Blockburger*

*v. United States*, 284 U.S. 299, 302, 52 S. Ct. 180, 76 L.Ed. 306 (1932) ("Each of several successive sales constitutes a distinct offense, however closely they may follow each other."). Furthermore, the joinder of these cases was not mandatory, see NRS 173.115 (joinder of offenses), and the State's decision to prosecute the cases separately did not result in an unconstitutional piecemeal prosecution, *see United States v. Garner*, 529 F.2d 962, 971 (6th Cir. 1976) (observing that compulsory joinder is not a constitutional requirement). Accordingly, we conclude that the district court did not abuse its discretion by denying West's motion to dismiss the information ….

ECF No. 14-3, p. 2-4.

West raised the other two components of Ground 3 – the issue preclusion claim and the ineffective assistance of appellate counsel claim – in his state habeas proceeding. ECF No. 14-24, p. 3. The Nevada Court of Appeals resolved the claims as follows:

> West failed to demonstrate appellate counsel's performance was deficient. … The specific issue-preclusion argument West raises in his habeas petition was not part of the double-jeopardy argument he presented to the district court in his motion to dismiss, *see McKenna v. State*, 114 Nev. 1044, 1054, 968 P.2d 739, 746 (1998) ("Where a defendant fails to present an argument below and the district court has not considered its merit, we will not consider it on appeal."), and, even if it had been, it had no reasonable probability of success on appeal, *see West v. State*, Docket No. 59973 (Order of Affirmance, December 13, 2012 at 2) (explaining because West's "prosecutions arose from two separate and distinct criminal transactions they did not implicate the Double Jeopardy Clause"). Further, to the extent West claimed appellate counsel was ineffective for failing to federalize the double-jeopardy claim on direct appeal in order to preserve it for federal review, West has failed to demonstrate prejudice because he has not shown that he would have received a more favorable standard of review on appeal if the claim had been federalized. *See Browning v. State*, 120 Nev. 347, 365, 91 P.3d 39, 52 (2004).

*Id*., p. 4-5.

The Double Jeopardy Clause provides three related protections: (1) it prohibits a second prosecution for the same offense after acquittal; (2) it prohibits a second prosecution for the same offense after conviction; and (3) it prohibits multiple punishments for the same offense. *United States v. Wilson*, 420 U.S. 332, 343 (1975). The "same-elements" test established in *Blockburger v. United States*, 284 U.S. 299 (1932), is used to determine whether multiple prosecutions or multiple punishments involve the same offense. *United States v. Dixon*, 509 U.S. 688, 696 (1993). The test "inquires whether each offense contains an element not contained in the other; if

not, they are the 'same offence' and double jeopardy bars additional punishment and successive prosecution." *Id*.

The Court in *Dixon* overruled *Grady v. Corbin*, 495 U.S. 508, 510 (1990), in which the High Court three years earlier had established the "same-conduct test." Id. at 703-12. *Dixon* re-established the same-elements test in *Blockburger* as the one and only test for courts to apply in considering whether a defendant may be prosecuted or punished twice based on a single act or transaction. *Id*.

In deciding the claims in Ground 3, the Nevada courts relied on the correct federal law standards and did not apply them unreasonably to the facts of West's case. In addition, the state courts' decisions were based on a reasonable determination of the facts.

Indeed, West's double jeopardy claim would not have merit even under the abrogated "same conduct" test which barred "any subsequent prosecution in which the government, to establish an essential element of an offense charged in that prosecution, will prove conduct that constitutes an offense for which the defendant has already been prosecuted." *Grady*, 495 U.S. at 521. And, even if West could make a plausible argument that the two cases satisfied the "same conduct" test, the holding in *Dixon* precludes any claim that the prosecution in this case was barred by Double Jeopardy Clause because West cannot reasonably dispute that the offense in each case contains an element not contained in the other.

"Issue preclusion bars successive litigation of 'an issue of fact or law' that 'is actually litigated and determined by a valid and final judgment, and ... is essential to the judgment.'" *Bobby v. Bies*, 556 U.S. 825, 834 (2009) (quoted source omitted). However, "[i]f a judgment does not depend on a given determination, relitigation of that determination is not precluded." *Id*. (citation omitted). Also, the party seeking to preclude relitigation of an issue bears the burden of proving "that the issue whose relitigation he seeks to foreclose was actually decided in his favor" in the first proceeding. *Schiro v. Farley*, 510 U.S. 222, 236 (1994).

Here, West claims only that some of the same evidence was used to support the convictions in both cases. He fails to establish the successive litigation of an issue that was

"essential to the judgment" in a prior case. And, more importantly, he does not establish that the relevant issue was decided in his favor in the first proceeding. Thus, the Nevada courts did not err in rejecting his issue preclusion claim. Accordingly, habeas relief is barred under § 2254(d).

Finally, because West's double jeopardy and issue preclusion claims are wholly without merit, he did not receive ineffective assistance of appellate counsel by virtue of appellate counsel's failure to adequate argue those claims.

IV. CONCLUSION

For the reasons set forth above, West is not entitled to habeas relief and his petition will be denied.

*Certificate of Appealability*

Because this is a final order adverse to the petitioner, Rule 11 of the Rules Governing Section 2254 Cases requires this court to issue or deny a certificate of appealability (COA). Accordingly, the court has *sua sponte* evaluated the claims within the petition for suitability for the issuance of a COA. *See* 28 U.S.C. § 2253(c); *Turner v. Calderon*, 281 F.3d 851, 864-65 (9th Cir. 2002).

Pursuant to 28 U.S.C. § 2253(c)(2), a COA may issue only when the petitioner "has made a substantial showing of the denial of a constitutional right." With respect to claims rejected on the merits, a petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). For procedural rulings, a COA will issue only if reasonable jurists could debate (1) whether the petition states a valid claim of the denial of a constitutional right and (2) whether the court's procedural ruling was correct. *Id.*

Having reviewed its determinations and rulings in adjudicating West's petition, the court declines to issue a certificate of appealability for its resolution of any procedural issues or any of West's habeas claims.

**IT IS THEREFORE ORDERED** that petitioner's petition for writ of habeas corpus (ECF No. 9) is DENIED. The Clerk shall enter judgment accordingly.

**IT IS FURTHER ORDERED** that a certificate of appealability is DENIED.

DATED: March 4, 2019

_____
UNITED STATES DISTRICT JUDGE